## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **BARBARA SUZETTE BAKER**<br>**Plaintiff** | §<br>§<br>§ | |
| **vs.** | §<br>§ | **CIVIL ACTION NO. 1:24-CV-228-RP** |
| **LLANO COUNTY,**<br>**a municipality;**<br>**LLANO COUNTY COMMISSIONERS**<br>**COURT, a municipal entity;**<br>**RON CUNNINGHAM, in his official**<br>**capacity as Presiding Officer of the Llano**<br>**County Commissioners Court, and his**<br>**individual capacity;**<br>**AMBER MILUM, in her official capacity**<br>**as Director of Llano County Library System,**<br>**and her individual capacity;**<br>**JERRY DON MOSS, in his official and**<br>**individual capacity;**<br>**BONNIE WALLACE, in her official and**<br>**individual capacity;**<br>**ROCHELLE WELLS, in her official and**<br>**individual capacity;**<br>**RHONDA SCHNEIDER, in her official and**<br>**individual capacity; and**<br>**GAY BASKIN, in her official and individual**<br>**capacity;**<br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COMES Defendants Llano County, Ron Cunningham, Amber Milum, Jerry Don

Moss, Bonnie Wallace, Rhonda Schneider, and Gay Baskin, by and through their counsel of

record, and file this Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 13] pursuant

to Federal Rule of Civil Procedure Rule 12. Defendants would respectfully show as follows:

**I.**
## NATURE OF THE LAWSUIT AND LEGAL CLAIMS

Plaintiff's First Amended Complaint arises from the termination of her employment as a Llano County librarian. Plaintiff files suit against Llano County, County Judge Ron Cunningham, Llano County Library System Director Amber Milum, County Commissioner Jerry Don Moss, and Llano County Advisory Board members Bonnie Wallace, Rhonda Schneider, Rochelle Wells[1], and Gay Baskin. County Judge Ron Cunningham and Llano County Library System Director Amber Milum are named in their official and individual capacities.[2]

Plaintiff's First Amended Complaint asserts that she was terminated from her position because of her communications and/or conduct in response to Llano County decisions about County library content and collection. Plaintiff files suit alleging 1) discrimination, retaliation and anticipatory retaliation based on race, ethnicity or ancestry, in violation of 42 USC §1981; 2) discrimination, retaliation and anticipatory retaliation, based on sex, sexual orientation, and/or gender identity in violation of 42 USC §1983; 3) discrimination and retaliation based on protected speech and association in violation of 42 USC §1983; and 4) conspiracy in violation of 42 USC §1985.[3]

The Complaint's 26 pages of "Factual Allegations" are largely the presentation of another case currently pending before this court, *Little, et al v. Llano County, et al*, 1:22-cv-00424-RP, as well as a declaration of position on the politically charged issues that underly it. However, despite the more than two-dozen pages of "factual" content, the Complaint offers very few facts

---

[1] Defendant Wells is currently living overseas and has not been served to date.

[2] Official capacity claims were initially asserted against all individual Defendants, as was a claim against the "County Commissioner's Court," but these were dropped in the amended complaint.

[3] Plaintiff also "warns" of forthcoming Title VII claims of discrimination, retaliation, and anticipatory retaliation, but admits such claims are not ripe due to a failure to exhaust administrative remedies (her Charge is still pending before the EEOC), so these claims are not addressed herein.

directly related to Baker and/or the termination of her employment, specifically including who and how the various individuals named can be held liable for the same. Plaintiff's pleading does not state a proper claim or meet the pleading standard. As such, Defendants' Motion to Dismiss should be granted.

## II.
## GENERAL APPLICABLE LEGAL STANDARDS

**A      RULE 12 STANDARDS OF REVIEW.**

If a complaint fails to state a claim upon which relief can be granted or if the Court does not have jurisdiction, the complaint is subject to dismissal as a matter of law. *See* FED R. CIV. P., Rules 12(b)(1) and (6).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 209 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss under Rule 12(b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007)(quoting *In re Katerina Canal Breaches Litig.*, 495 F.3d 191,205 (5th Cir. 2007)).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Rogers v. Raycom Media, Inc.*, 628 F. App'x 324 (5th Cir. 2016), cert. denied, 137 S. Ct. 189 (2016).

In this matter, Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570; *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010). The Court need not "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)(quoting *Westfall v. Miller*, 77 F.3d 868, 870 (5th Cir.1996)).

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. *Id.* The motion to dismiss should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id. (citation omitted).* There is "no presumptive truthfulness attaches to a plaintiff's allegations" for purposes of a Rule 12(b)(1) inquiry. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

When moving to dismiss under Rule 12, the general rule is that a court may not consider documents that are extrinsic to the complaint. However, when a Complaint incorporates

documents into the pleading by reference or refers to them and makes them central to the claims, the Court is also entitled to rely on those documents. *See, e.g., Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). As such, even in the context of a motion to dismiss, a defendant can attach this evidence without converting the dismissal motion into a summary judgment motion. "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

Plaintiff's Complaint incorporates by reference, quotes from and/or cites to Commissioners Court action in January 2022; her February 2022 reprimand and the basis for the same; and her March 2022 termination notice. *See Doc 1, ¶¶87, 107, 119.* As such, Defendants include these exhibits in support of their Motion to Dismiss. *Attached hereto as Exhibits A, B, C and D.*

## B.     COUNTY LIABILITY STANDARD OF REVIEW.

A county may be held liable under Section 1983 only when the county itself causes the constitutional deprivation. *See Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). To properly plead county liability under Section 1983, a plaintiff must plead sufficient factual information that, if accepted as true, plausibly show that: (1) a policymaker; (2) promulgated an official policy or custom; (3) that was the moving force of a violation of a constitutional right. *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018); *Groden v. City of Dallas*, 826 F.3d 280, 284-85 (5th Cir. 2016).

The *respondeat superior* theory of liability generally does not apply to governmental liability under Section 1983. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). A

single decision can create municipal liability only if that decision was made by a final policymaker responsible for that activity. *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). A policymaker is the person who "possesses final authority to establish municipal authority with respect to the action ordered." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 602 (5th Cir. 2001)(quoting *Brady v. Fort Bend Cnty.*, 145 F.3d 691, 698 (5th Cir. 1998)). Whether an official is a policymaker is a question of state law to be determined by the Court. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). *See, e.g. Bolton v. City of Dall., Tex.*, 541 F.3d 545, 550 (5th Cir. 2008)(consulting the Texas Government Code to determine the policymaker for Texas cities). "State law, including valid local ordinances and regulations, 'will always direct a court to some official or body that has the responsibility for making law or setting policy in any given area of a local government's business.' " *Dallas Police Ass'n v. City of Dallas*, 2004 WL 2331610, at *4 (N.D. Tex. Oct. 15, 2004) (*citing Praprotnik*, 485 U.S. at 125).

A final policymaker has the responsibility for making law or setting policy in the specific area of a local government's business; "one that decide[s] the goals for a particular city function and devise[s] the means of achieving those goals." *Sweetin v. City of Texas City, Texas*, 48 F.4th 387, 392 (5th Cir. 2022)(citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 167 (5th Cir. 2010). *See also, Webb v. Town of Saint Joseph*, 925 F.3d 209, 217 (5th Cir. 2019)("A true policymaker must decide the goals for a particular city function and devise the means of achieving those goals.")

Thus, to survive a motion to dismiss, Plaintiff must plead facts which establish that the challenged conduct at issue was taken or promulgated by the policymaker with final authority related to the underlying policy at issue.

Additionally, "in the context of §1983 claims against supervisors, for there to be liability under section 1983, a defendant must have been personally involved in the conduct causing a deprivation of constitutional rights, or there must be a causal connection between the actions of that person and the constitutional right sought to be redressed." *Fisher v. Dallas Cty.*, 299 F.R.D. 527, 534–35 (N.D. Tex. 2014) (collecting cases) (internal quotation marks and brackets omitted).

## C.    QUALIFIED IMMUNITY LIABILITY STANDARD OF REVIEW.

Qualified immunity shields a government official from liability based on the performance of discretionary functions. The two-step qualified immunity inquiry determines whether a plaintiff has shown that: (1) that the official violated her statutory or constitutional right, and (2) the right was clearly established at the time of the challenged conduct. *Mote v. Walthall*, 902 F.3d 500, 505 (5th Cir. 2018). Government officials are shielded from liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (collecting cases). "To say that the law was clearly established, we must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013)(internal quotation marks and citation omitted).

It is Plaintiff's burden to demonstrate that the relevant law was "clearly established in this area on the date of the incident." *Lincoln v. Turner*, 874 F.3d 833, 849 (5th Cir. 2017). An official's actions must be judged in light of the circumstances that confronted him/her, without the benefit of hindsight. *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). Ultimately, a plaintiff must allege facts sufficient to demonstrate that no reasonable official could have believed his/her actions were proper. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

## III.
## RELEVANT FACTUAL ALLEGATIONS IN THE COMPLAINT
## RELATED TO PLAINTIFF AND HER TERMINATION[4]

1.      Plaintiff asserts that she "disagreed with" and "opposed" a request that certain books be removed from County library shelves, asked that the County Attorney be consulted, and "opposed censorship and adamantly refused to participate in it." Doc. 13, ¶¶59-62. Plaintiff further claims that when she saw that Defendant Milum had placed a book titled *Critical Race Theory* behind the front desk, she returned it to the shelf. *Id. at* ¶64.

2.      In January 2022, the County Commissioners voted to disband the existing Library Advisory Board and appointed 13 people to the new Board. *Id. at* ¶¶87-88; *Exhibit A.* The Board was tasked with revising current library policies and, as acknowledged in Plaintiff's Complaint, presenting them to the Commissioners for approval. *Id at* ¶95. Plaintiff attended the meeting of the new Library Advisory Board on January 24, 2022, after being told by her supervisor that librarians were not to attend. *Id. at* ¶¶89, 98, and *Exhibit B.*

3.      Plaintiff attended the Friends of the Library meeting on January 25, 2022 and she claims that Defendant Baskin falsely accused her of "making a great disturbance". *Id. at* ¶99.

4.      On February 9, 2022, Plaintiff received a written reprimand, relevant portion reflected below. *Id. at* ¶107; *Exhibit B.* Plaintiff called in sick to work, and then attended an Advisory Board committee meeting that she was told not to attend. *Id. at* ¶¶89, 98, and *Exhibit B.* She failed to follow the chain of command and a direct order from her supervisor. *Exhibits B and D.* Inexplicably, the First Amended Complaint now asserts that she was reprimanded for attending a Friends of the Library meeting, and not a meeting related to the Advisory Board, as pled in the Original Complaint, and as expressly stated in the reprimand.

---

[4] Defendants dispute many of Plaintiff's factual allegations but understand that the Court accepts all well-pleaded facts as true and thus will generally not be offering controverting evidence at this time. *Sonnier, supra.*

| Details |
| --- |
| **Description of infraction:** *Not following directives as a Head-Librarian. Allowed personal opinion to interfere with job duties and procedures. You were told multiple times the Head-Librarians were not to attend the Advisory Board meetings but you did anyway. It has come to my attention that when you called in sick and then attended the Advisory Board (committee meeting) you told others that Gay asked you to attend and when members asked if I would be there you told them that I told you to go in my place. Both were not true. I also told you not to process or weed anything and you said that you would and if "he" had a problem with it "he" could come and talk to you. This behavior will not continue. As the Director of the Libraries, I am your direct supervisor and you are to follow directives at all times.* |
| **Plan for improvement:** *Not to let your personal biases, opinions, or preferences unduly influence your actions as a Head Librarian. Moving forward you will follow directives and the chain of command.* |
| **Consequences of further infractions:** *Further infractions of this nature will not be tolerated and will be grounds for demotion or immediate termination.* |

5.      In mid-February, Plaintiff posted on the library marquee a double entendre that included reference to the historical burning of books and set up a table inside the library referring to books that had been subject to the same. *Id. at* ¶¶112-113. She posted photos of the same on the library Facebook page. *Id. at* ¶115.

6.      The following day, Defendant Milum told her to remove the sign, delete the social media post, remove certain books from the display, and to re-name the display. *Id. at* ¶¶116-117.

7.      On March 9, 2022, Defendant Milum terminated Plaintiff's employment. *Id. at* ¶119; *Exhibit C,* relevant portion reflected below.

| Details |
| --- |
| **Description of Offenses:** Your last verbal warning was on Feb. 9, 2022. We discussed the fact that you were not following directives and allowing personal opinions to interfere with job duties and procedures. Since then, On Friday, Feb. 25, 2022, you got the Llano staff confused because you were worried about the weather and after I spoke to you, you called the Llano staff and relayed what I had said about staying open. You acted beyond your authority as the Llano staff is not your concern. I'm getting phone calls about you getting people upset about things you are telling them. You deliberately got the friends group upset about their donation money and had them worried. Then on March 7, 2022, I received a phone call that you said you are not comfortable asking the friends to purchase kindles and have gotten people to back out of donating. This is not your call. This change is inevitable and you are allowing your personal biases, opinions, and preferences to unduly influence your actions and judgment and have created a disturbance within the Friends group. |
| Your negative behavior was insubordinate and disruptive to the Friends of the Kingsland Library, the Staff of the Llano Library,  and not in the best interest of the Llano County Library System or Llano County. Both county and internal library policies have been violated. |
| **As a result, you have been terminated effective 03/09/2022 and your services are no longer needed.** |

8.      Plaintiff's First Amended Complaint has deleted the wholly and indisputably inaccurate allegation that "Defendants voted to authorize and support the termination." *Doc. 1,*

¶113. Now Plaintiff makes the conclusory statement that the other Defendants were "the sources of many of the concerns" and "collectively planned, authorized, and supported" the termination. *Doc. 13,* ¶120 and 121. In stark comparison to the other aspects of the pleading "facts," this section notably lacks reference to any specific facts, documents or testimony.

9.      Similarly, Plaintiff contends that on an unidentified date, time and place, Defendant Wallace "publicly" criticized Plaintiff as engaging in illegal activity. *Id. at* ¶122.  No explanation is provided for what this has to do with the termination of Plaintiff's employment.

10.      Plaintiff also contends that on an unidentified date, time and place, Defendant Baskin called Plaintiff a liar and blamed her for causing disturbances. *Id. at* ¶123. This allegation also lacks any stated relationship to Plaintiff's termination.

## IV.
## MOTION TO DISMISS

### A.      OFFICIAL CAPACITY CLAIMS ARE DUPLICATIVE.

While Plaintiff has dropped the official capacity claims asserted against most of the individual Defendants in her First Amended Complaint, these claims persist with respect to County Judge Ron Cunningham and Llano County Library System Director Amber Milum. As to those two individuals, Plaintiff asserts claims are being brought in their official and individual capacities. Suit against a governmental official in his or her official capacity is the equivalent of suing the governmental entity itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). The naming of Llano County and naming these two individuals associated with the County, the County Judge and the library system department head, is duplicative and unnecessary. As such, all official capacity claims, including against these two individuals, should be dismissed.

**B.      LEGISLATIVE IMMUNITY FOR LEGISLATIVE ACTS.**

Plaintiff asserts individual capacity claims against the County Judge, a Commissioner, and four members of an advisory board. Plaintiff's background facts describe the actions of Commissioners Court and the Board in taking governmental action related to library book policies, but these actions do not state a claim against Defendants as related to Plaintiff.

Local legislators enjoy absolute immunity for their legislative acts. *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998)(reversing adverse jury verdict and extending absolute immunity to a city council member and mayor); *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)(holding that legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity"). Absolute immunity applies when the individuals are acting in a legislative capacity, even if the entity comprises of appointed, not elected, officials. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 403 (1979).

The immunity extends to officials who are not legislative, including acts related to legislative activity, when the action is an integral step in the legislative process. *See, e.g., Bogan*, 523 U.S. at 54 (declining to consider former employee claim that the ordinance that eliminated her position was First Amendment retaliation; extending immunity to council member who voted in favor of it and mayor who prepared the budget calling for elimination of former director's position and signed the ordinance). *See also, La Union del Pueblo Entero v. Abbott*, 68 F.4th 228 (5th Cir. 2023).

As noted by the United States Supreme Court in *Tenney*, "The claim of an unworthy purpose does not destroy the privilege. Legislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good. One must not expect uncommon courage even in legislators. The privilege would be of little value if

they could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives." *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951).

The exact conduct of these individuals as related to Plaintiff's termination is not pled. However, Judge Cunningham, Commissioner Moss and Board members Bonnie Wallace, Rhonda Schneider, and Gay Baskin are entitled to legislative immunity for all of Plaintiff's claims related to ("in the sphere of") their legislative activities.

## C.    NO CLAIM FOR §1981 DISCRIMINATION/RETALIATION.

Plaintiff files suit alleging discrimination, retaliation and anticipatory retaliation based on race, ethnicity or ancestry, in violation of 42 USC §1981. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . ." 42 U.S.C. § 1981. In a claim under §1981, the claimant has the burden of initially pleading and ultimately proving that race was the but-for cause of the alleged injury. *Comcast  Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Section 1981 claims against Defendants must be brought pursuant to 42 USC §1983. *See, e.g., Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 735-36 (1989). Section 1981 does not provide a separate cause of action against local government entities; plaintiffs must assert a cause of action against state actors under §1983 to remedy violations of civil rights under §1981. *Id.*; *Felton v. Polles*, 315 F.3d 470, 481 (5th Cir. 2002).

Plaintiff fails to state a claim and plead sufficient facts to state a claim for an alleged violation of §1981 under §1983 with respect to the County. In order to hold Llano County liable

for a constitutional violation, she must also prove that the "injury 'was caused by an existing,' unconstitutional municipal policy, which ... can be attributed to a municipal policymaker.' " *Edelstein v. City of Brownsville*, No. 20-40211, 2021 WL 4096581 (5th Cir. 2021)(quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985)(plurality opinion)). Isolated acts of a government actor who is not a final policymaker do not represent official county policy and do not give rise to liability under Section 1981. *See, e.g., Littlejohn v. City of New York*, 795 F.3d 297, 313-14 (2nd Cir. 2015).

However, Plaintiff makes only conclusory and contradictory statement in her pleading with respect to policymaker status, asserting that the County Commissioners, and the County Judge, and Library Director Milum all were the "final policymaker." *Doc 13, ¶7, 8, and 9*. But she provides no allegation of any action by the Commissioner Court or County Judge with respect to her employment termination and she fails to plead any basis on which the department head, and the County Judge, and the County Commissioners, could all be the "final" policymaker. There is no allegation of and no dispute that there was no aspect of Plaintiff's employment that was considered and acted upon in the Llano County Commissioner's Court. As such, there can be no §1983 claim for a violation of §1981 asserted against Llano County.

Furthermore, Plaintiff fails to plead facts establishing any of the elements of a racial discrimination claim. To establish a prima facie case of racial discrimination in employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983, an employee must demonstrate that she (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside the protected group. *Caldwell v.*

*Lozano*, 689 F. App'x 315, 321 (5th Cir. 2017)(noting that §1983 claims asserting racial discrimination in employment, the court has borrowed the elements of a Title VII claim of racial discrimination, and that the "'inquiry into intentional discrimination is essentially the same for individual actions brought under sections 1981 and 1983, and Title VII'"[5]).

However, Plaintiff's Complaint alleges that she "opposed censorship" and believed the County's action violated First Amendment rights. She admits that she attended Library Advisory meetings after she was directed not to, including attending one by calling in sick to work and then attending. After being written up for her negative attitude and failing to follow directives, Plaintiff posted on library grounds and library social media commentary related to the highly charged and emotional issue, and she spoke with library donors to discourage them from making donations to the library. Plaintiff's employment was terminated thereafter. Plaintiff's pleading does not support the claim that race/ethnicity or that her opposition to discrimination was the "but for" cause of her termination.

Plaintiff also asserts a claim of "anticipatory retaliation." This claim has not been recognized by the Fifth Circuit to date, although Defendants acknowledge that some circuits have recognized the same. However, such a claim usually addresses circumstances when an employer asks a person to choose between exercising protected rights and being fired or suffering some other adverse action. *See Beckel v. Wal-mart Associates, Inc.*, 301 F.3d 621, 624 (7th Cir. 2002)(suggesting in dicta that threatening an employee with termination if she filed suit under Title VII would be "actionable as retaliation"); *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1128 (10th Cir. 1993))(suggesting in dicta that an employer who "deliberately strewed unreasonable obstacles in the path of employees seeking to enforce their rights" under Title VII

---

[5] Citing in support and quoting *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 166 (5th Cir. 2007) (quoting *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)).

or other employment laws would engage in unlawful anticipatory retaliation). Plaintiff fails to assert any facts to support the claim of "anticipatory retaliation," even if it was recognized as a valid claim.

Section 1981 does not impose "personal liability on elected officials for discrimination in the terms and conditions of local government employment contracts." *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 465 (5th Cir. 2001). *See also, Davis v. Matagorda Cnty.*, Civ. Action No. 18-0188, 2019 WL 1015341, at *15 (S.D. Tex. Mar. 4, 2019), R&R adopted, 2019 WL 1367560 (S.D. Tex. Mar. 26, 2019); *Gibson v. City of Garland*, No. 3:16-CV-157-L (BN), 2016 WL 5819821, at *7 (N.D. Tex. Sept. 1, 2016)(noting Fifth Circuit distinction between elected officials and unelected municipal employees); *Newsome v. Harris Cty.*, No. H-12-1938, 2013 WL 285543, at *6 (S.D. Tex. Jan. 24, 2013); *Knox v. City of Monroe*, 551 F.Supp.2d 504, 508, n.6 (W.D. La. 2008)(noting Fifth Circuit distinction between elected officials and unelected municipal employees). As such, Defendants Judge Cunningham and Commissioner Moss cannot be held liable in their individual capacity for an alleged Section 1981 violation.

Moreover, other than conclusory statements and with respect to Defendant Milum, Plaintiff fails to identify specific, affirmative action taken by any of the individual Defendants to terminate or constitute the causal link in the termination of Plaintiff's employment. Additionally, Plaintiff fails to identify official action by each Defendant that was taken with respect to Plaintiff's employment that violated clearly established statutory or constitutional rights of which a reasonable person would have known, thereby entitling each of the individual Defendants to qualified immunity.

As a result, Plaintiff's Section 1981 claim should be dismissed as to all Defendants.

**D.     NO CLAIM FOR §1983 EQUAL PROTECTION VIOLATION.**

Plaintiff files suit alleging discrimination, retaliation and anticipatory retaliation based on sex, sexual orientation, and/or gender identity in violation of 42 USC §1983.

The Equal Protection Clause of the 14th Amendment of the United States Constitution provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." To establish a Fourteenth Amendment equal protection violation, Plaintiff must "allege and prove that [s]he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *McFaul v. Valenzuela*, 684 F.3d 564, 577 (5th Cir. 2012) (citation and internal quotation omitted).

However, Plaintiff's Complaint only alleges that she "opposed censorship" and believed the County's action violated First Amendment rights. She admits that she attended Library Advisory meetings after she was directed not to, including attending one by calling in sick to work and then attending. After being written up for her negative attitude and failing to follow directives, Plaintiff posted on library grounds and library social media commentary related to the highly charged and emotional issue, and she spoke with library donors to discourage them from making donations to the library. Plaintiff's employment was terminated thereafter. Plaintiff's pleading does not support the claim that sex/gender or that her opposition to discrimination was the "but for" cause of her termination.

Additionally, since this provision is enforced under Section 1983, Llano County liability can only occur if Plaintiff pleads facts which establish that the challenged conduct at issue was taken or promulgated by a policymaker – caused by a custom or policy of the government entity or the single unconstitutional act by an official who has final policy-making authority. However,

in this section, Plaintiff again only makes the conclusory and contradictory statement in her pleading with respect to policymaker status, asserting without basis that the County Commissioners and the County Judge and Library Director Milum all had final policymaking authority, when clearly they could not, and there is no assertion of any action taken by Commissioner's Court related to Plaintiff's employment. Thus, the claims against Llano County must be dismissed.

Moreover, retaliation claims growing out of complaints of employment discrimination have not been recognized under the Equal Protection Clause of the Fourteenth Amendment. While the Fifth Circuit has not addressed the issue, district courts within the Fifth Circuit have rejected the same. *See, e.g., Zapata v. Texas Tech University*, No. 5:23-CV-045-H, 2024 WL 1054650 (N.D. Tex. March 11, 2024); *Davis v. Matagorda Cty.*, 2019 WL 1015341, at *3, n.5 (S.D. Tex. Mar. 4, 2019) ; *Fisher v. Dallas Cty.*, No. 3:12-CV-3604-D, 2014 WL 4797006, at *9 (N.D. Tex. Sept. 26, 2014)(collecting cases); *Cox v. Scott Cnty. Sch. Dist.*, No. 3:18-CV-677-KHJ-LGI, 2021 WL 1207718, at *13 (S.D. Miss. Mar. 30, 2021); *Jackson v. Mississippi*, No. 5:12cv94-DPJ-FKB, 2012 WL 5185726, at *2 (S.D. Miss. Oct. 18, 2012) (collecting cases).

Other than conclusory statements and with respect to Defendant Milum, Plaintiff again fails to identify any specific, affirmative action taken by any of the individual Defendants to terminate or constitute a causal link in the termination of Plaintiff's employment. Additionally, Plaintiff fails to identify official action taken by each Defendant with respect to Plaintiff's employment that violated clearly established statutory or constitutional rights of which a reasonable person would have known, thereby entitling each of the individual Defendants to qualified immunity.

As a result, Plaintiff's Equal Protection claims under §1983 should be dismissed as to all Defendants.

## E.      NO CLAIM FOR §1983 FREEDOM OF SPEECH VIOLATION.

Plaintiff files suit alleging discrimination and retaliation based on protected speech and association in violation of 42 USC §1983.   To establish First Amendment retaliation in employment, a plaintiff must show: "(1) [she] suffered an adverse employment action; (2) [she] spoke as a citizen on a matter of public concern; (3) [her] interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action." *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016) (quotation marks and citation omitted).

"Matters of public concern are those which can be fairly considered as relating to any matter of political, social, or other concern to the community." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quotation marks and citation omitted). To determine whether speech related to a matter of public concern, what controls is "the content, form, and context of the speech, as revealed by the whole record." *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 221 (5th Cir. 1999).

"When a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). "This is because the public employer, like any principal, has an interest in controlling the activities of its agents[,]" including employee speech that "contravene[s] [the public employer's] policies or impair[s] the proper performance of [its] functions." *Anderson v. Valdez*, 845 F.3d 580, 593 (5th Cir. 2016) (alterations in First Amended) (quoting *Garcetti*, 547 U.S. at 419).

Plaintiff fails to identify any speech or association by her that were not within and expressly related to her position as a librarian for Llano County. Plaintiff's factual allegations are that she told her direct supervisor that she was opposed to the decisions being made about library business and she attended Library Advisory Board meetings, one by calling in sick to work, when she was asked not to. She was written up. Plaintiff then set up a clearly divisive and provocative library display, posting on the library marquee, and posting on the library's social media page and was told to remove or modify the same. She was terminated shortly thereafter. Plaintiff's speech was intimately connected with her professional duties and thus is not protected employee speech.

Plaintiff bears the burden to plead facts plausibly showing that she spoke as a private citizen, rather than as a public employee. Here, her Complaint conclusively demonstrates that her actions were conducted in relation to her duties and authority as a County librarian.

Since this provision is enforced under Section 1983, Llano County liability can only occur if Plaintiff pleads facts which establish that the challenged conduct at issue was taken or promulgated by a policymaker – caused by a custom or policy of the government entity or the single unconstitutional act by an official who has final policy-making authority. However, in this section, Plaintiff again only makes the conclusory and contradictory statement in her pleading with respect to "final" policymaker status, when all of these parties could not have the same. Without any allegation that the final policymaker took action with respect to Plaintiff's termination, there is no claim stated as to Llano County.

Additionally, other than conclusory statements and with respect to Defendant Milum, Plaintiff again fails to identify any specific, affirmative action taken by each of the individual Defendants to terminate or constitute a causal link in the termination of Plaintiff's employment.

Plaintiff fails to identify individual Defendant official action taken with respect to Plaintiff's employment that violated clearly established statutory or constitutional rights of which a reasonable person would have known, thereby entitling each of the individual Defendants to qualified immunity.

As a result, Plaintiff's First Amendment claim under §1983 should be dismissed as to all Defendants.

## F.     NO CLAIM FOR §1985(3) CONSPIRACY.

Plaintiff files suit alleging conspiracy in violation of 42 USC §1985(3).  To state a viable § 1985 claim, the plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving a person of equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994).

Plaintiff's allegations exclusively concern the actions of Defendants, which she alleges were committed in the scope of their duties as officials and actors on behalf of Llano County. As such, Plaintiff cannot establish the first element of a conspiracy claim. The Fifth Circuit has adopted the intracorporate conspiracy doctrine in the context of §1985 claims. *Id* at 653. This doctrine holds that an entity cannot conspire with itself, any more than an individual can. *Id.*; *Thompson v. City of Galveston*, 979 F.Supp. 504, 512 (S.D. Tex. 1997)(applying principle to Galveston Police Department and its employees); *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F.Supp. 1022, 1034 (S.D. Tex. 1996)(applying principle to medical school and its employees); *Moody v. Jefferson Parish Sch. Bd.*, 803 F.Supp. 1158, 1166 (E.D. La. 1992), aff'd, 2 F.3d 604 (5th Cir. 1993)(applying principle to school board, principal, vice-principal, and various teachers all employed by Jefferson Parish School Board).

Since the individual defendants are alleged to have at all relevant times been agents of the same legal entity during the relevant time, Llano County, an alleged agreement among them cannot establish a conspiracy under §1985 as a matter of law. Additionally, as discussed above, Plaintiff has failed to state a claim for violation of her constitutional rights by each and any of the individual Defendants and/or their involvement in the alleged action taken with respect to Plaintiff's employment. As a result, Plaintiff's §1985 conspiracy claim should be dismissed as to all Defendants.

WHEREFORE, PREMISES CONSIDERED, Defendants Llano County, Ron Cunningham, Amber Milum, Jerry Don Moss, Bonnie Wallace, Rhonda Schneider, and Gay Baskin respectfully pray this Court grants this Motion to Dismiss, and for such and further relief to which they may be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY,
SHIPMAN & SALINAS, L.L.P.**
2530 Walsh Tarlton Lane, Suite 150
Austin, Texas  78746
(512) 476-5300
FAX (512) 476-5771

By: /s/Joanna Lippman Salinas
Joanna Lippman Salinas
Texas State Bar No. 00791122
joanna.salinas@fletcherfarley.com
David I. Solomon
State Bar No. 24077361
david.solomon@fletcherfarley.com

Attorneys for Defendants, *Llano County, Ron Cunningham, Amber Milum, Jerry Don Moss, Bonnie Wallace, Rhonda Schneider, and Gay Baskin*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing **Motion to Dismiss Plaintiff's First Amended Complaint** has been provided to the following:

Iris Halpern
Azra Taslimi
Rathod Mohamedbhali LLC
2701 Lawrence Street
Denver, CO 80205

Jeff Edwards
Michael Singley
David James
Lisa Snead
Paul Samuel
**Edwards Law**
603 W.17th
Austin, Texas 78701

by Electronic Service, in accordance with the Federal Rules of Civil Procedure, on June 4, 2024.

<u>/s/ Joanna Lippman Salinas</u>
Joanna Lippman Salinas

# EXHIBIT A

## LLANO COUNTY COMMISSIONERS COURT

### REGULAR MEETING, JANUARY 10, 2022   9:00 A.M.

**STATE OF TEXAS**

**COUNTY OF LLANO**

9:00 A.M., January 10, 2022, the Llano County Commissioner's Court met in Regular Session. Members present were: Ron Cunningham, Presiding Officer; Peter Jones, Linda Raschke, Mike Sandoval, Jerry Don Moss; Commissioners of Precincts 1, 2, 3 & 4; Auditor Cindy Lent; County Clerk Marci Hadeler. Estimated Attendance: 38

**AGENDA ITEM #1:**

Announce To Call For Public Comments Signup

**AGENDA ITEM #2:**

Consent Agenda:
   a.  Commissioners Court Minutes –Regular Called Meeting 12-13-2021, Special Called
       Meeting 12-20-2021
   b.  Call For Bids/Discussions Of Bids/Approval And Or Awarding Of Bid/Bids/Contracts–
       Cindy Lent, Auditor
   c.  Budget Transfers, Accounts Payable, Financial Reports – Cindy Lent, Auditor
   d.  Interlocal/Agreements – Dwain Rogers & Matt Rienstra
   e.  Treasurer Report/Investment Report – Teresa Kassell, Treasurer
   f.  Monthly Reports:
       a)  Justice Of The Peace (1, 2, 3 – Nov & Dec)
       b)  Constable (1, 4)
       c)  Hill Country Humane Society
       d)  AgriLife Extension
       e)  Tax Assessor Collector
       f)  Llano Library System
       g)  Indigent Health Care Program
       h)  District Clerk
       i)  Building & Maintenance
       j)  Human Resources
       k)  Office Of Emergency Management
       l)  Development Services

**MOTION:** Sandoval; Second Jones: **UNANIMOUS. MOTION PASSED.**
Approved Consent Agenda A, B, C, D, E, F

**AGENDA ITEM #3:**

Public Service Announcements

**AGENDA ITEM #4:**

Discussion/Action: Prohibiting Or Restricting Outdoor Burning In Llano County.

**MOTION:** Raschke; Second Moss: **UNANIMOUS. MOTION PASSED.**
Reinstate Burn Ban Effective Immediately.

LLANO COUNTY COMMISSIONERS COURT
REGULAR MEETING JANUARY 10, 2022   9:00 A.M.

**AGENDA ITEM #5:**

Public Comments

See Public Sign Up Sheets

**AGENDA ITEM #6:**

Update/Discussion:  Llano County COVID-19 Response Including Llano County Emergency
Declaration And Report On Information Received From Office Of The Governor And TDEM,
And Llano County Health Authority.

**AGENDA ITEM #7:**

Public Hearing/Discussion/Approval Of  Plats/Replats/Vacating Of Lot/ Lots

No Plats/Replats/Vacating Of Lot/Lots

**AGENDA ITEM #8:**

Discussion/Action:  Update Of Llano County Library System Activities Including The
Suspension Of OverDrive Service.

**MOTION:** Moss; Second None:  **MOTION FAILED.**
Remove Agenda Item #8

**MOTION:** Moss; Second Raschke:  **UNANIMOUS. MOTION PASSED.**
Remove Because The Llano County Advisory Library Board Is Going To Help The Situation.

**AGENDA ITEM #9:**

Discussion/Action:  Dissolve The Current Llano County Library Advisory Board.

**MOTION:** Jones; Second Raschke:  **UNANIMOUS. MOTION PASSED.**
Dissolve The Current Library Board.

**AGENDA ITEM #10:**

Discussion/Action:  Create Newly Restructured Llano County Advisory Board Consisting Of
Three (3) Persons From Precinct 2, Three (3) Persons From Precinct 3, Two (2) Persons From
Precinct 1, Four (4) Persons From Precinct 4 And One (1) Person By Llano County Judge.

**MOTION:** Moss; Second Raschke:  **UNANIMOUS. MOTION PASSED.**
Approve The Newly Restructured Llano County Advisory Board.

**AGENDA ITEM #11:**

Discussion/Action:  Establish Rules For The Llano County Library Advisory Board
Meetings/Bylaws/Chairperson/Duties/Etc.

**MOTION:** Moss; Second Raschke:  **UNANIMOUS. MOTION PASSED.**
Appoint Gay Baskin As Temporary Chairperson To Set Up Calendar Scheduling And Conduct
Meetings.

**AGENDA ITEM #12:**

Discussion/Action:  Appoint The Following To The Llano County Library Advisory Board,
Effective Immediately Terms End December 31 Of That Calendar Year.

Precinct 1:  Richard Day – January 1, 2022 – December 31, 2024
             Ravelle Kundinger – January 1, 2022 – December 31, 2023

LLANO COUNTY COMMISSIONERS COURT
REGULAR MEETING JANUARY 10, 2022  9:00 A.M.

Precinct 2:  Gay Baskin – January 1, 2022 – December 31, 2024
             Susie Sitton – January 1, 2022 – December 31, 2024
             Cindy Travers – January 1, 2022 – December 31, 2023

Precinct 3:  Nancy Miller – January 1, 2022 – December 31, 2023
             Sharon Maki – January 1, 2022 – December 31, 2023
             Louann Raley – January 1, 2022 – December 31, 2024

Precinct 4:  Rochelle Wells – January 1, 2022 – December 31, 2024
             Rhonda Schneider – January 1, 2022 – December 31, 2024
             Anita Hilton – January 1, 2022 – December 31, 2023
             Robyn Tibbs – January 1, 2022 – December 31, 2023

Judge:       Bonnie Wallace – January 1, 2022 – December 31, 2023


**MOTION:** Moss;  Second Raschke:  **UNANIMOUS.  MOTION PASSED.**
Approve All Above Appointments With The Removal Of Richard Day From Precinct 1 And
Adding Cheryll Mabray From Precinct 1.

**AGENDA ITEM #13:**

Discussion/Action:  To Approve Commissioner Raschke To Apply For CAPCOG 2022-2023
Solid Waste Grant.  This Grant Is Used To Help Supplement The Llano Countywide Collection
Events That Are Held At The East Llano County Annex In April And October Of Each Year.

**MOTION:** Moss; Second Sandoval:  **MOTION PASSED.**
**Abstained:** Raschke
Approved Commissioner Raschke To Apply For CAPCOG 2022-2023 Solid Waste Grant.

**AGENDA ITEM #14:**

Discussion/Action:  Retaining And Paying Allison Bass To Conduct A Takings Impact
Assessment (T.I.A.) Of The Proposed Game Room Regulations.  A T.I.A. Is Required By The
Private Real Property Rights Act., Ch. 2007 Government Code.

**MOTION:** Sandoval; Second Raschke:  **UNANIMOUS.  MOTION PASSED.**
Approve Retaining And Paying Allison Bass To Conduct A Takings Impact Assessment (T.I.A.)
Of The Proposed Game Room Regulations.

**AGENDA ITEM #15:**

Discussion/Action:  Approve Bonds With Western Surety Company:
John Zavala – Deputy Sheriff
Rick Snitkin – County Attorney's Office & Game Room Regulations
Rob Wilson – County Attorney's Office

**MOTION:** Raschke; Second Jones:  **UNANIMOUS.  MOTION PASSED.**
Approve Above Three (3) Bonds.

**AGENDA ITEM #16:**

Discussion/Action:  Llano County Constable's Racial Profiling Report For 2021, Precinct 1.

**MOTION:** Raschke; Second Jones:  **UNANIMOUS.  MOTION PASSED.**
Table Agenda Item #16.

**AGENDA ITEM #17:**

Discussion/Action:  Accept Two Related Donations For The Kingsland Library To Paint The
Existing Front Outside Handrails, Rear Steps And The Memorial Steps At The Rear Of The
Building.  1.  The Friends Of The Library Are Donating 2 Gallons Of Paint For The Project At A

# EXHIBIT B



# Llano County Library System

Llano        Kingsland        Lakeshore

Employee Warning Notice        VERBAL WARNING        WRITTEN WARNING        SUSPENSION        TERMINATION

## Employee Information

Employee Name: Suzette Baker
Head Librarian/Director: Amber Milum

Date: Feb. 2, 2022
Job Title: Head-Librarian

## Type of Warning

[X] First Warning        [ ] Second Warning        [ ] Final Warning

## Type of Offenses

[ ] Tardiness/ Leaving Early        [ ] Absenteeism        [ ] Violation of Policies
[ ] Substandard Work        [ ] Rudeness to Customers        [ ] Rudeness to Coworkers
[ ] Creating a Disturbance        [X] Insubordination        [ ] Failure to Follow Instructions
[ ] Other

## Details

**Description of infraction:** *Not following directives as a Head-Librarian. Allowed personal opinion to interfere with job duties and procedures. You were told multiple times the Head-Librarians were not to attend the Advisory Board meetings but you did anyway. It has come to my attention that when you called in sick and then attended the Advisory Board (committee meeting) you told others that Gay asked you to attend and when members asked if I would be there you told them that I told you to go in my place. Both were not true. I also told you not to process or weed anything and you said that you would and if "he" had a problem with it "he" could come and talk to you. This behavior will not continue. As the Director of the Libraries, I am your direct supervisor and you are to follow directives at all times.*

**Plan for improvement:** *Not to let your personal biases, opinions, or preferences unduly influence your actions as a Head Librarian. Moving forward you will follow directives and the chain of command.*

**Consequences of further infractions:** *Further infractions of this nature will not be tolerated and will be grounds for demotion or immediate termination.*

## Acknowledgment of Receipt of Warnings

FURTHER MISCONDUCT OR VIOLATION (S) WILL RESULT IN DISCIPLINARY ACTION, UP TO AND INCLUDING IMMEDIATE TERMINATION. By signing this form, you confirm that you understand the information in this warning. You also confirm that you and your HL/Director have discussed the warning and an improvement plan. Signing this form does not necessarily indicate that you agree with the warning

| Signature | Date | |
|---|---|---|
| *Suzette Baker* | 2-9-22 | Employee |
| *Amber Milum* | 2-9-22 | HL/Director |
| *Lisa Otto* | 2-9-22 | Witness |

Signature (if employee understands warning but refuses to sign)        Date

LCLS 2021

# EXHIBIT C



# Llano County Library System

Llano        Kingsland        Lakeshore

**Employee Disciplinary Action Form:** VERBAL WARNING    WRITTEN WARNING    SUSPENSION    TERMINATION

## Employee Information

Employee Name: Suzette Baker
Head Librarian/Director: Amber Milum

Date: March 9, 2022
Job Title: Head-Librarian

## Type of Discipline

☐ First Warning          ☐ Second Warning          ☒ Final Warning & Termination

## Type of Offenses

☐ Tardiness/ Leaving Early      ☐ Absenteeism            ☒ Violation of Policies
☐ Substandard Work           ☐ Rudeness to Customers    ☐ Rudeness to Coworkers
☒ Creating a Disturbance       ☒ Insubordination         ☒ Failure to Follow Instructions
☐ Other _____

## Details

**Description of Offenses:** Your last verbal warning was on Feb. 9, 2022. We discussed the fact that you were not following directives and allowing personal opinions to interfere with job duties and procedures. Since then, On Friday, Feb. 25, 2022, you got the Llano staff confused because you were worried about the weather and after I spoke to you, you called the Llano staff and relayed what I had said about staying open. You acted beyond your authority as the Llano staff is not your concern. I'm getting phone calls about you getting people upset about things you are telling them. You deliberately got the friends group upset about their donation money and had them worried. Then on March 7, 2022, I received a phone call that you said you are not comfortable asking the friends to purchase kindles and have gotten people to back out of donating. This is not your call. This change is inevitable and you are allowing your personal biases, opinions, and preferences to unduly influence your actions and judgment and have created a disturbance within the Friends group.

Your negative behavior was insubordinate and disruptive to the Friends of the Kingsland Library, the Staff of the Llano Library,  and not in the best interest of the Llano County Library System or Llano County. Both county and internal library policies have been violated.

**As a result, you have been terminated effective 03/09/2022 and your services are no longer needed.**

## Acknowledgment of Receipt of Termination

By signing this form, you confirm that you and the Llano County Library System Director have discussed the details of your termination.

_Suzette Baker_
Employee Signature

_3-9-22_
Date

_Amber Milum_
Llano County Library System Director

_3 9 22_
Date

Cc: Llano County Personnel file

LCLS 2021

# EXHIBIT D

# Llano Co. Library System

# Memorandum

To:        All Library Staff
From:      Amber Milum, System Director
Date:      January 12,2022
Subject:   Chain of Command in the Llano County Library System


## *THIS IS A REMINDER*

### Chain-of-Command

Everyone must follow the chain of command. How do you follow the chain of command?

1. Staff report to their Head Librarian.
2. Head Librarians report to the System Director.
3. System Director reports to County Judge & Commissioners.

Staff must keep me apprised of any concerns they may have and I want to caution everyone to adhere to Llano County Policies as you conduct day to day business. Everyone needs to be aware of the Llano County Policies, Library Policies, and the Internal Library Policies.


Thank you,

Amber Milum